IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TREVON DONTE' VOID,<br>    Plaintiff,<br><br>v.<br><br>T.D. LARGE, *et al.*,<br>    Defendants. | Civil Action No. 7:16cv00064<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Trevon Donte' Void, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force. The defendants moved for summary judgment, and Void responded, so this matter is ripe for disposition. Upon review of the record, the court concludes that disputes of material facts exist; therefore, the court will deny the defendants' motion for summary judgment.

**I.**

Void alleges that while he was on his knees to have leg irons removed after being transported to a segregation cell, defendant Sergeant Large hit Void in the face five times with a closed fist. He also alleges that defendant Correctional Officer McCowan was present at the time of the incident and did nothing to prevent or stop Sgt. Large. Void states that he was "no threat" to either defendant at the time of the incident.

The defendants deny that Sgt. Large hit Void and that McCowan witnessed Sgt. Large hitting void.

**II.**

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

### III.

Void alleges claims of excessive force and bystander liability. The court finds material disputes of fact exist as to these claims and, therefore, will deny summary judgment.

The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, the court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002).

Void alleges that Sgt. Large hit him in the face five times with a closed fist while Void was "no threat" to Sgt. Large. He also alleges that McCowan was present during the "heinous attack" and did nothing to stop Sgt. Large. Defendants deny that Sgt. Large hit Void or that McCowan witnessed it.

Having reviewed the record as a whole and drawing all reasonable inferences in the light most favorable to Void, the court concludes that Void states viable excessive force and bystander liability claims and that there are genuine issues of material fact precluding summary judgment on these claims. For these reasons, the court will deny defendants' motion for summary judgment.

An appropriate order will be entered.

Entered: January 30, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge