IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TREVIN DONTE' VOID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:16-cv-00064 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| T.D. LARGE, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Trevin Donte' Void, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Sergeant Large used excessive force against Void and that defendant Correctional Officer McCowan is liable as a bystander. Void alleges that while he was on his knees to have leg irons removed after being escorted to a segregation cell, Sgt. Large hit Void in the face five times with a closed fist. He also alleges that Officer McCowan was present during the punches and did nothing to prevent or stop Sgt. Large. Void states that he was "no threat" to either defendant at that time. The defendants deny that Sgt. Large hit Void and that Officer McCowan witnessed Sgt. Large hitting Void.

The defendants moved for summary judgment, and the court denied the motion after finding disputes of material facts. A bench trial was held on May 31, 2017, and the parties presented evidence and argument. In addition to his own testimony, Void called Red Onion State Prison (Red Onion) staff members: Investigator McQueen, defendant Officer McCowan, Officer Gwinn, Officer Johnson, Captain Tate, and defendant Sgt. Large. The defendants called Nurse Bledsoe.

Based on the evidence presented during trial, the court issues this memorandum opinion and order, which constitutes its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). For the reasons stated herein, the court will enter judgment in favor of the defendants.[1]

## A. Electronically Stored Evidence- Rapid Eye Video Footage

As an initial matter, the court will address the issue of the rapid eye video recording. Void argues that a rapid eye camera captured the use of excessive force by Sgt. Large. However, the video recording no longer exists. While Void never filed a formal written spoliation motion, he complained of the lack of video footage in writing and verbally on several occasions. Pursuant to Federal Rule of Civil Procedure 37(e):

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from the loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation, may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

The parties agree that if Sgt. Large had used excessive force against Void, it would have appeared on the rapid eye video recording. The parties also agree that the video recording did exist at one time, but no longer exists. Void does not allege, and the evidence does not suggest, that either of the defendants destroyed the recording or that they were in any way involved in the destruction of the recording. Void also does not allege, and the evidence does not suggest, that either of the defendants were in a position to preserve the recording. There is no evidence to

---

[1] Void filed two motions asking the court to enter judgment in this case (Dkt. Nos. 65 and 66). Inasmuch as the court is now entering judgment, the court will also grant Void's motions requesting the same.

prove when the recording was destroyed or who destroyed it. It appears that the video was recorded over in the normal course of business after Investigator McQueen completed his investigation and determined that the recording did not support Void's allegation against Sgt. Large. Nothing in the record suggests that the video recording was destroyed after this action was filed. Based on the foregoing, the court finds that Void has not demonstrated that the video evidence was "lost because a party failed to take reasonable steps to preserve it," and, thus, he is not entitled to any "measure" to "cure" any alleged prejudice.

**B. Motion Seeking Preliminary Injunctive Relief**

After trial, Void filed a motion (Dkt. No. 62) seeking preliminary injunctive relief. Upon review of Void's motion, the court finds no basis for granting preliminary injunctive relief and, therefore, denies the motion.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claim(s) must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. *See Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983);

*Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

In his motion seeking preliminary injunctive relief, Void asks the court to enjoin the defendants and non-defendant staff at Red Onion from retaliating against him for filing grievances and this action. Void states that he is currently "enduring" harassment and verbal threats, but he does not describe the harassment or threats or name the alleged actor(s). Void further states that officers at Red Onion "have a reputation for abuse and retaliation" and that he fears that the harassment and threats will "progress into physical assault" and destruction of his personal property. However, since filing the motion, Void has been transferred to Sussex I State Prison. Therefore, he no longer requires the preliminary injunction against the defendants.[2] Accordingly, the court finds that Void's claim for preliminary injunctive relief is now moot; thus, his motion will be denied.

I. DISCUSSION

**A. Standard of Review**

Rule 52(a)(1) of the Federal Rules of Civil Procedure requires that the court make specific findings of fact and state conclusions of law separately in any action tried without a jury. Specifically, the trial judge must appraise the testimony and demeanor of witnesses, as well as weight the evidence and choose among conflicting inferences and conclusions that seem most reasonable. *See Burgess v Farrell Lines, Inc.*, 335 F.2d 885, 889-90 (4th Cir. 1964). In this regard, the trial court has a unique opportunity to evaluate the credibility of witnesses and weigh the evidence accordingly. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013) (citing *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 855 (1982)).

---

[2] The court notes that Void does not allege that anyone at Sussex I State Prison is retaliating against him.

4

A trial court must do more than announce statements of ultimate fact, *United States ex rel. Belcon, Inc. v. Sherman Constr. Co.*, 800 F.2d 1321, 1324 (4th Cir. 1986), but is not required "to make findings on all facts presented or to make detailed evidentiary findings . . . . The ultimate test as to the adequacy of the findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence." *Darter v. Greenville Cmty. Hotel Corp.*, 301 F.2d 70, 75 (4th Cir. 1962).

**B. Findings of Fact**

The court makes the following factual findings based on the evidence presented at trial.

1. Plaintiff Trevin Void was incarcerated within the Virginia Department of Corrections (VDOC) at Red Onion during the time relevant to this action.

2. Defendant Travis Large was a sergeant employed by the VDOC at Red Onion during the time relevant to this action.

3. Defendant Logan McCowan was a correctional officer employed by the VDOC at Red Onion during the time relevant to this action.

4. Non-defendant E. Gwinn was a correctional officer employed by the VDOC at Red Onion during the time relevant to this action.

5. At approximately 8:15 a.m. on February 19, 2015, Void entered the A6 pod at Red Onion, crossed the red line, and entered the pod office without permission. Void was ordered to leave the office, but he refused to comply. Void received two disciplinary charges: one for disobeying an order, and one for being in an unauthorized area.

6. At approximately 9:15 a.m. on the same day, Officers McCowan and Gwinn and Sgt. Large escorted Void to a segregation unit at Red Onion for pre-hearing detention based on the disciplinary charges. Void wore handcuffs and leg irons during the escort.

7. Sgt. Large was the supervisor of the escort.

8. Sgt. Large generally has no physical interaction with an inmate when he is supervising an escort.

9. None of the people assisting with the escort of Void have a specific recollection of the escort. They do not remember every routine escort of an inmate.

10. Officers McCowan and Gwinn would remember if Sgt. Large hit Void.

11. If Officers McCowan and Gwinn had observed Sgt. Large hit Void, they would have reported it up the chain of command and a report would have been prepared.

12. Officer McCowan and Gwinn did not observe Sgt. Large, or anyone else, hit, slap, or punch Void.

13. Documentation regarding the escort to segregation and made shortly after the escort shows that, upon arriving at the segregation cell, Void said, "I'll get your ass when I am not in these cuffs," to Sgt. Large. Sgt. Large perceived Void's statement as a threat, and Void received a disciplinary charge for threatening bodily harm.

14. Sgt. Large would remember if he hit Void or saw another correctional officer hit Void and a report would have been prepared.

15. Sgt. Large did not punch, slap, or hit Void at any point during the escort and did not observe anyone else hit Void during the escort.[3]

---

[3] The court notes that Void's account of the incident changed as time progressed, and the court does not find Void's account credible. Void filed an informal complaint and a regular grievance within days of the incident, and both documents stated that Sgt. Large "slapped" him. Then, in his § 1983 complaint, Void stated, under penalty of

16. Officer Johnson was working in the gun post at the time of the escort and does not recall "anything out of the ordinary" occurring.

17. If there had been any violence by an officer against an inmate during the escort, Captain Tate would have received an incident report, but he received no report of violence during Void's escort.

18. Nurses make rounds twice daily for pill call in the segregation unit.

19. Void's medical records do not show complaints regarding the incident or injuries.

20. Void filed an informal complaint on the day of the escort, stating that Sgt. Large slapped him "multiple times in the face and head."

21. Investigator McQueen investigated Void's allegation that Sgt. Large had hit him. As part of the investigation, Investigator McQueen reviewed the rapid eye video recording of the incident.

22. The rapid eye video recording would have captured anyone hitting Void as he alleged.

23. Investigator McQueen found nothing in the rapid eye video recording to substantiate Void's allegation that Sgt. Large hit Void.

## II. CONCLUSIONS OF LAW

This court has jurisdiction over Void's § 1983 claims pursuant to 28 U.S.C. § 1331, which confers jurisdiction on a court to resolve civil actions arising under federal law. Section 1983 provides a cause of action against "[e]very person who deprives a citizen of his or her

---

perjury, that Sgt. Large hit him "with a closed fist five times in [his] face." Void then testified under oath at the bench trial that Sgt. Large "punched" him in the face five times. Upon cross-examination, Void attempted to explain that there is a "thin line" between a slap and a punch and that he wrote slap on his informal complaint and regular grievance because he was "in a rush" to get the forms filed within the time allotted by the applicable Operating Procedure. Void also demonstrated how Sgt. Large allegedly held his hand with his fingers curled down but his palm open at the same time, which the court finds contradicts both his initial claim that Sgt. Large slapped him and his later allegation that Sgt. Large hit him "with a closed fist."

constitutional rights under color of state law. 42 U.S.C. § 1983. To succeed at trial on a § 1983 claim, a plaintiff must establish by a preponderance of the evidence that a state actor violated a federal right. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988); *In re Winship*, 397 U.S. 358, 371 (1970). Preponderance of the evidence means a fact is more probable than not. *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993).

Void alleges that the defendants violated the Eighth Amendment. The Eighth Amendment, applicable to the states through the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660, 666 (1962), prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and a subjective component—that the prison official acted with a sufficiently culpable state of mind. *Williams v. Benjamin*, 77 F. 3d 756, 761 (4th Cir. 1996).

**A. Excessive Force Was Not Used Against Void**

To succeed on an excessive force claim, a plaintiff must show that the prison official (1) used "nontrivial" force (objective component), *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), and (2) acted with "wantonness in the infliction of pain" (subjective component), *Whitley*, 475 U.S. at 322. In the prison context, analysis of the subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quotation and citation omitted). The court finds the defendants' and other witnesses' testimony concerning the escort is more credible than that of Void. Further, the parties agree that any use of force would have been captured on the rapid eye video recording and, yet, the recording

8

showed no one hitting Void.[4]  Finally, Void did not file any written requests for medical attention despite his alleged "swellings" on his face.  Based on the greater weight of the evidence, the court concludes that Sgt. Large did not use any force against Void during the escort.

**B.  Because No Excessive Force Was Used, There Is No Bystander Liability**

Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002).  If no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." *Howie v. Prince George's Cnty.*, Civil Action No. DKC 2006-3465, 2009 U.S. Dist. LEXIS 68274, at *17-18, 2009 WL 2426018, at *6 (D. Md. Aug. 5, 2009).  Because the court has determined that Sgt. Large did not use excessive force against Void, the court necessarily concludes that Officer McCowan is not liable as a bystander.

III.  CONCLUSION

For the reasons stated herein, an appropriate order entering judgment in favor of defendants Sgt. Large and Officer McCowan will be entered.

Entered: March 26, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[4] The court notes that, regardless of Investigator McQueen's review of the recording, it would find that Sgt. Large did not use force against Void and that the defendants are entitled to judgment because of Void's lack of credibility.